# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN DANIEL CHAVEZ,<br><br>Petitioner,<br><br>v.<br><br>JEFFERY BILLET,<br><br>Respondent. | Case No. 1:24-cv-01501-SAB-HC<br><br>FINDINGS AND RECOMMENDATION TO DISMISS PETITION WITHOUT PREJUDICE<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE |

Petitioner is a civil detainee proceeding pro se with a petition for writ of habeas corpus challenging his current commitment to the state hospital.

On December 2, 2024, Petitioner filed the instant petition in the Sacramento Division of the United States District Court for the Eastern District of California. (ECF No. 1.) It was transferred to the Fresno Division. (ECF No. 4.) On December 11, 2024, this Court ordered Petitioner to show cause why the petition should not be dismissed for failure to exhaust state court remedies. (ECF No. 7.) Although the Court granted an extension of time, (ECF No. 10), to date, no response has been filed, and the time for doing so has passed.

Rule 4 of the Rules Governing Section 2254 Cases[1] requires preliminary review of a habeas petition and allows a district court to dismiss a petition before the respondent is ordered to file a response, if it "plainly appears from the petition and any attached exhibits that the

---

[1] The Court may apply any or all of these rules to habeas corpus petitions that are not brought under 28 U.S.C. § 2254. Rule 1(b), Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254.

1

petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254.

Habeas petitions are subject to an exhaustion requirement—either a judicially-created prudential one under 28 U.S.C. § 2241, Dominguez v. Kernan, 906 F.3d 1127, 1135 n.9 (9th Cir. 2018), or a statutory one under 28 U.S.C. § 2254(b). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982). A petitioner in state custody can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971). "Where a petitioner seeks pre-conviction habeas relief, this exhaustion prerequisite serves two purposes: (1) to avoid isolating state courts from federal constitutional issues by assuring those courts an ample opportunity to consider constitutional claims; and (2) to prevent federal interference with state adjudication, especially state criminal trials." Carden v. Montana, 626 F.2d 82, 83 (9th Cir. 1980).[2]

Here, the petition states that none of Petitioner's four grounds for relief were presented in appeals. (ECF No. 1 at 6–7.[3]) Petitioner claims that these grounds were "[r]ecent discoveries," "appeals were for the criminal process," and because he is challenging his "present confinement not supported by a valid warrant," "[a]ppealing [p]rocess that is void from the start appears redundant." (Id. at 7.) It is possible that Petitioner presented his claims to the California Supreme Court and failed to indicate this to the Court. However, Petitioner has failed to file a response to the order to show cause. As it appears Petitioner has not sought relief in the California Supreme Court, the petition is unexhausted and the Court cannot proceed to the merits of his claims. 28 U.S.C. § 2254(b)(1).

///

---

[2] It is unclear from the petition whether Petitioner is being detained pending a civil commitment proceeding, or if a commitment order has been issued.

[3] Page numbers refer to the ECF page numbers stamped at the top of the page.

Accordingly, the Court HEREBY RECOMMENDS that the petition for writ of habeas corpus be DISMISSED without prejudice for failure to exhaust state judicial remedies.

Further, the Clerk of Court is DIRECTED to randomly assign this action to a District Judge.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **THIRTY (30) days** after service of the Findings and Recommendation, Petitioner may file written objections with the Court, **limited to fifteen (15) pages in length, including any exhibits**. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **March 14, 2025**

STANLEY A. BOONE
United States Magistrate Judge

3