1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN DANIEL CHAVEZ,<br><br>　　　　　Petitioner,<br><br>　v.<br><br>JEFFERY BILLET,<br><br>　　　　　Respondent. | No. 1:24-cv-01501 JLT SAB (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE, DIRECTING CLERK OF COURT TO CLOSE CASE, AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY<br><br>(Doc. 12) |

Juan Daniel Chavez is a civil detainee proceeding *pro se* with a petition for writ of habeas corpus. Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302, on March 14, 2025, the magistrate judge issued findings and recommendations recommending that the petition for writ of habeas corpus be dismissed without prejudice for failure to exhaust state judicial remedies. (Doc. 14.) On April 14, 2025, Petitioner filed a response to the order to show cause,[1] which the Court construes as objections to the findings and recommendations. (Doc. 13.)

According to 28 U.S.C. § 636(b)(1)(C), this Court performed a *de novo* review of this case. Having carefully reviewed the matter, including Petitioner's objections, the Court concludes the findings and recommendations are supported by the record and proper analysis, as Plaintiff's

---

[1] On December 11, 2024, the magistrate judge issued an order for Petitioner to show cause why the petition should not be dismissed for failure to exhaust state judicial remedies. (Doc. 7.) The Court granted Petitioner an extension of time to respond (Doc. 10), but Petitioner failed to file a timely response.

1

objections do not meaningfully address the exhaustion issue.

Having found that Petitioner is not entitled to habeas relief, the Court now turns to whether a certificate of appealability should issue. *See Wilson v. Belleque*, 554 F.3d 816, 825 (9th Cir. 2009) ("[A] state petitioner proceeding under § 2241 must obtain a COA where the target of the habeas petition arises out of process issued by a state court."). A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003); 28 U.S.C. § 2253. Where, as here, the Court denies habeas relief on procedural grounds without reaching the underlying constitutional claims, the Court should issue a certificate of appealability "if jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

The Court concludes that reasonable jurists would not find dismissal of the petition debatable or wrong, or that Petitioner should be allowed to proceed further. Therefore, the Court declines to issue a certificate of appealability. Accordingly, the Court **ORDERS**:

1. The findings and recommendations issued March 14, 2025 (Doc. 12) are **ADOPTED IN FULL**.
2. The petition for writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE**.
3. The Clerk of Court is directed to **CLOSE THE CASE**.
4. The Court declines to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:   **April 22, 2025**

UNITED STATES DISTRICT JUDGE

2